J-S18038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAMEL LEROY JONES | |
| Appellant | No. 2176 EDA 2014 |

Appeal from the PCRA Order July 7, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002625-2001

BEFORE:  BENDER, P.J.E., ALLEN, J., and MUNDY, J.

JUDGMENT ORDER BY MUNDY, J.:                **FILED APRIL 06, 2015**

Appellant, Shamel Leroy Jones, appeals *pro se* from the July 7, 2014 order, dismissing as untimely his fourth petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

Appellant pled guilty to one count of third-degree murder on February 15, 2002.  On April 5, 2002, the trial court imposed a sentence of 12½ to 25 years' imprisonment.  Appellant did not file a direct appeal with this Court. As a result, Appellant's judgment of sentence became final on May 6, 2002.[1]

---

[1] Pennsylvania Rule of Appellate Procedure 903(c)(3) requires a notice of appeal be filed "within 30 days of the imposition of the judgment of sentence in open court."  Pa.R.A.P. 903(c)(3).  Instantly, the 30th day fell on Sunday, May 5, 2002.  When computing the 30-day filing period "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted

*(Footnote Continued Next Page)*

***See generally*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(c). Appellant has since filed three unsuccessful PCRA petitions.

Appellant filed the instant petition on May 27, 2014, over 12 years after the judgment of sentence became final; as a result, it was patently untimely. Furthermore, as the PCRA court pointed out, Appellant's Rule 1925(b) statement does not argue that any of the three enumerated time-bar exceptions apply. PCRA Court Order, 9/5/14, at 2. Our Supreme Court has held that Rule 1925(b) is a bright-line rule. ***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011). Rule 1925(b) by its text states that all issues not raised in such a statement are waived.[2] ***Id.***; ***accord*** Pa.R.A.P. 1925(b)(4)(vii). As Appellant has waived any argument that a time-bar

---

*(Footnote Continued)* ———————————

from the computation." 1 Pa.C.S.A. § 1908. Therefore, the 30th day for Appellant to file a timely notice of appeal was on Monday, May 6, 2002.

[2] Even if we were to address Appellant's purported time-bar exception, we would still conclude his petition was untimely. Appellant argued in his PCRA petition and his brief that the newly-discovered fact exception applies. However, as the PCRA court pointed out, Appellant's alleged new fact is that he was informed by the PCRA court at some point that his "legal file" did not contain a signed sentencing order. PCRA Court Order, 6/13/14, at 3. However, because Appellant was sentenced on April 5, 2002, he could have learned of this fact over 12 years prior to the filing of the instant petition. Furthermore, Appellant's substantive claim lacks merit as the sentencing order was signed by the trial court. ***See id.*** at Exhibit A at 1.

exception applies, the PCRA court correctly determined that it lacked jurisdiction to address the merits of any of Appellant's claims.[3]

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's fourth PCRA petition as untimely filed. Accordingly, the PCRA court's July 7, 2014 order is affirmed.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2015

_____

[3] Although Appellant argues his sentence is illegal, this Court recently noted, "in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review." **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (citation omitted); **see also Commonwealth v. Seskey**, 86 A.3d 237, 242 (Pa. Super. 2014) (stating, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised … in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim[]") (citation omitted), _appeal denied_, 101 A.3d 103 (Pa. 2014).